UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION,

                                Plaintiffs,

-against-

OCEAN PACIFIC INTERIORS INC. a/k/a OPI CONSTRUCTION,

                                Defendant.

No. 16 CV

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the ERISA Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation organized and operated in accordance with Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9), that maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Ocean Pacific Interiors Inc. a/k/a OPI Construction ("Defendant") is a New York based corporation with its principal place of business located at 7 Hanover Square, 8th Floor, New York, New York 10004.

## FACTS

8. At relevant times, Defendant was a party to or manifested an intention to be bound by a collective bargaining agreement (the "CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

9. The CBA required Defendant to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

10. The Funds uncovered that Defendant owed contributions of at least $200,000 for Covered Work it performed on various projects located throughout Manhattan, New York, including: (1) the World Trade Center project, the 11 John Street project, and the Oculus/185 Greenwich Street project (the "Projects").

### THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
(Liability for Delinquent Contributions/Violation of the CBA)

11. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

12. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

14. At relevant times, Defendant was a party to, or manifested an intent to be bound by, the CBA.

15. The CBA and the documents and instruments governing the Funds required Defendant to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

16. Defendant violated the CBA when it failed to remit all contributions due and owing concerning the Covered Work it performed on the Projects.

17. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the CBA, the Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order finding that Defendant is liable for: (1) all delinquent contributions found to be due and owing on the Projects and any other contributions found to be due and owing during the course of this litigation; and (2) liquidated damages and interest on these delinquent contributions, along with all attorneys' fees and costs incurred by the Funds in collecting the delinquencies.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) Issue an order on the Funds' First Claim for Relief, finding that Defendant is liable for: (1) all delinquent contributions found to be due and owing on the Projects and any other contributions found to be due and owing during the course of this litigation; and (2) liquidated damages and interest on these delinquent

contributions, along with all attorneys' fees and costs incurred by the Funds in collecting the delinquencies.

\Dated: New York, New York
September 13, 2016

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____/s/_____
Todd Dickerson
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*